IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN HURT,                          §
                                    §
            Plaintiff,              §
                                    §
V.                                  §          No. 3:25-cv-3154-D
                                    §
HUNT COUNTY, TEXAS, ET AL.,         §
                                    §
            Defendants.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Based on his January 2020 arrest and resulting 14-day detention in Hunt

County, Texas, Plaintiff John Hurt filed this *pro se* lawsuit in September 2025 in the

Eastern District of Texas, which transferred Hurt's lawsuit to the Dallas Division of

this federal judicial district, in which Hunt County lies. *See* Dkt. Nos. 22 & 23; 28

U.S.C. §§ 1391(b)(2), 1406(a), & 124(a)(1).

Prior to this transfer, Defendants Hunt County, Texas and Hunt County

Sheriff Terry Jones (the "Hunt County Defendants") moved to dismiss Hurt's

operative (amended) complaint [Dkt. No. 12] under Federal Rule of Civil Procedure

12(b)(6), *see* Dkt. No. 25; *see also* Dkt. No. 44 (purported supplement to the amended

complaint).

Hurt responded to the motion to dismiss. *See* Dkt. No. 34. The Hunt County

Defendants replied. *See* Dkt. No. 46. Hurt then moved for leave to file a surreply. *See*

Dkt. No. 47.

The same day, Senior Judge Sidney A. Fitzwater referred the motion to dismiss

and Hurt's related motion for leave to the undersigned United States magistrate judge for recommendation under 28 U.S.C. § 636(b)(1)(B). *See* Dkt. No. 48.

Hurt then moved for a temporary restraining order ("TRO") and preliminary injunction against Defendants Bernalillo County, Bernalillo County Clerk, and New Mexico Administrative Office of the Courts "because Defendants have, after ten years, resumed prosecutorial activity on a case that is legally void, dismissed, and jurisdictionally extinguished under New Mexico law, placing Plaintiff at immediate risk of renewed arrest, unlawful detention, and catastrophic harm." Dkt. No. 50; *see also* Dkt. Nos. 51 & 52.

Judge Fitzwater also referred this motion and any related procedural motions to the undersigned for recommendation under Section 636(b)(1)(B). See Dkt. No. 53.

And, for the following reasons, the Court should deny the motion for leave to file a surreply, grant the motion to dismiss, and deny the motion for a TRO and preliminary injunction.

## Discussion

## I.    The Court should deny Hurt's motion for leave to file a surreply and grant dismissal under Rule 12(b)(6) because Hurt's claims against the Hunt County Defendants are facially time-barred.

Starting with Hurt's request for leave to file a surreply, "[b]ecause the rules do not provide for surreplies as a matter of right, the district court only accepts such filings 'in exceptional or extraordinary circumstances.'" *Gezu v. Charter Commc'ns*, 17 F.4th 547, 556 (5th Cir. 2021) (quoting *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001)).

And, while "[o]rdinarily, sur-replies are 'heavily disfavored,' and the decision

to allow a sur-reply lies within the district court's discretion," "when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (quoting *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021)).

While it is not apparent to the undersigned that the Hunt County Defendants raise new arguments for the first time on reply, the undersigned need not rely on anything in their reply brief to find that Hurt's claims should be dismissed as time-barred. And, so, the Court should deny leave to file a surreply.

Turning to the motion to dismiss, considering dismissal under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 555 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as

plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g., Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of*

*Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

The Hunt County Defendants move for dismissal under Rule 12(b)(6) for multiple reasons, the first being that Hurt's claims are barred by the applicable statute of limitations. *See* Dkt. No. 25 at 10-12.

The undersigned agrees and finds that the motion should be granted for this reason alone.

"A complaint is 'subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling.'" *Jenkins v. Tahmahkera*, 151 F.4th 739, 747 (5th Cir. 2025) (quoting *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) (en banc) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007))); *accord Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 674 (5th Cir. 2025) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." (citations

omitted)).

Against the Hunt County Defendants, Hurt brings claims that they violated (1) the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"); (2) his right to substantive and procedural due process under the Fourteenth Amendment and to be protected from unlawful seizure under the Fourth Amendment (claims that are actionable under 42 U.S.C. § 1983); and Texas tort law (false imprisonment, negligence and gross negligence, and intentional infliction of emotional distress).

All these claims are subject to Texas's two-year statute of limitations for personal-injury claims. *See Jenkins*, 151 F.4th at 747 ("'The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.' In Texas, a two-year statute of limitations governs personal injury claims." (quoting *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018), then citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(b))); *Lee v. Dall. Cnty.*, No. 3:19-cv-2690-L-BN, 2022 WL 721536, at *2 (N.D. Tex. Feb. 18, 2022) ("Consistent with Congress's mandate, '[t]he ADA and the [RA] generally are interpreted in *pari materia*.' And, while neither statute 'provides a limitations period,' as to both, the Court should 'apply Texas's two-year personal-injury limitations period to this case.'" (quoting *Frame*, 657 F.3d at 223, 236, 237, then citing TEX. CIV. PRAC. & REM. CODE § 16.003)), *rec. accepted*, 2022 WL 717261 (N.D. Tex. Mar. 10, 2022); *Bennett v. State*, No. 05-99-01788-CV, 2001 WL 569749, at *3 (Tex. App. – Dallas May 29, 2001, pet. denied) ("Negligence, gross negligence, intentional

infliction of emotional distress, false arrest or false imprisonment are subject to the two-year limitations period." (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a))).

While Texas's limitations statute is borrowed as to the federal causes of action, federal courts "determine the accrual date of [federal claims] by reference to federal law." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (Section 1983) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

And "accrual occurs when a plaintiff has 'a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *Frame*, 657 F.3d at 238 (ADA and RA) (quoting *Wallace*, 549 U.S. at 388; citing *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

Put another way, the two-year clock "starts running … 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (quoting *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012) (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987))).

Similarly, "[t]he statute of limitations for a personal injury cause of action under Texas law begins to run from the date a wrongful act causes an injury." *Williams v. Kroger Tex., L.P.*, No. 3:16-cv-1631-L, 2016 WL 5870976, at *3 n.1 (N.D. Tex. Oct. 16, 2016) (citing *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998)).

The Hunt County Defendants assert that all of Hurt's claims accrued when he was arrested and detained in January 2020, as that is when "the last tortious act complained of occurred." Dkt. No. 25 at 12; *accord Johnson*, 83 F.4th at 945-46 ("'[T]he

statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.' Thus, a false arrest claim accrues when charges are filed. Similarly, because a § 1983 claim for false imprisonment is 'based upon detention without legal process, limitations run once legal process is initiated.'" (cleaned up; quoting *Wallace*, 549 U.S. at 397, 389-90)).

> And, so, they argue that
>
> > Plaintiff's allegation that he later suffered loss of a confirmed job offer in August of 2025 does not alter or otherwise extend limitations, as Defendants' alleged wrongful conduct ended in January of 2020 and Plaintiff alleges he suffered a distinct injury at that time. Plaintiff's additional alleged injuries in 2023 and 2025 are merely "later additional injuries" that do not prevent the limitations period from running.

Dkt. No. 25 at 12 (citation omitted).

The Hunt County Defendants therefore assert that, when Hurt filed this lawsuit in 2025, it was years too late. *See id.*

Hurt responds that his "detention-based claims accrued upon release, while his publication-based injuries accrued separately upon each rescinded job offer caused by ongoing republication in 2020, 2023, and August 2025." Dkt. No. 34 at 17. That is, he argues that he has pleaded "discrete, newly accruing injuries in 2023 and August 2025, rescinded job offers caused by Hunt County's continued publication of false warrant data, bringing those claims well within the limitations period." *Id.*; *see also id.* at 18 (asserting that the alleged injuries that occurred within the limitations period "new and independent harms, not mere lingering effects of the 2020 detention

and therefore constitute separately accruing injuries" that should also warrant "apply[ing] the continuing-violation doctrine").

The undersigned is not persuaded by Hurt's arguments.

Hurt's claims accrued in 2020, which, accepting his allegations as true, was when he became "aware that he ha[d] suffered an injury or ha[d] sufficient information to know that he ha[d] been injured." *Johnson*, 83 F.4th at 945 (cleaned up). That is because, for accrual, "the proper focus is on the time of the [allegedly wrongful] act, not the point at which the consequences of the act become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (per curiam) (cleaned up).

Put in the context of Texas's accrual principles, because Hurt allegedly suffered a legal injury in 2020 that was not "inherently undiscoverable," that is when his claims accrued, "regardless of … if all resulting damages have yet to occur," *Suter v. Univ. of Tex. at San Antonio*, 495 F. App'x 506, 509 (5th Cir. 2012) (per curiam) (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996), then *Childs*, 974 S.W.2d at 36-37; citing *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997)).

In the alternative, Hurt alleges that he is entitled to equitable tolling:

Plaintiff invokes the doctrine of equitable tolling based on Defendants continuing misconduct and his own due diligence. Additionally, because Plaintiff was judicially declared incompetent to stand trial in 2017 and remained under significant medical and cognitive impairment during subsequent years of cancer treatment, equitable tolling applies under [Texas and federal law] until he regained capacity to pursue his claims. The wrongful publication of false criminal records and resulting employment losses persisted through August 2025, and Plaintiff's serious medical condition further prevented earlier full pursuit of these claims. Accordingly, each violation constitutes a newly accruing injury,

and any applicable limitations period is equitably tolled.

Dkt. No. 12 at 14.

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a [litigant] did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (cleaned up; quoting *Holland*, 560 U.S. at 653).

Hurt's equitable-tolling assertions are conclusory. For example, an allegation that he was declared incompetent to stand trial in 2017 without further factual development does not allow the Court to reasonably infer that this incompetency persisted some three years later when these civil claims accrued and then continued for another five years. So Hurt's allegations neither allow the Court to find that an extraordinary circumstance prevented his filing this lawsuit sooner nor demonstrate a degree of reasonable diligence.

## II. The Court should deny Hurt's motion for a TRO and preliminary injunction.

More recently, Hurt moved for a TRO and preliminary injunction in this civil action to prevent New Mexico officials from prosecuting him, alleging that, "[f]or

nearly a decade, New Mexico state actors have maintained, resurrected, and continued to enforce a legally nonexistent criminal case against [him]." Dkt. No. 50 at 2.

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

So, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am.,*

*Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

"Under the rule set out by the United States Supreme Court in *Younger v. Harris*," 401 U.S. 37 (1971), "federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted," *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004).

"*Younger* abstention is one of a handful of federalism-flavored carveouts to a federal court's 'virtually unflagging obligation' to exercise congressionally conferred jurisdiction." *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1084-85 (5th Cir. 2023) (footnote omitted).

So, "[o]ut of respect for the legitimate interest of the state, and to avoid needless friction, federal courts may not interfere with an ongoing state criminal proceeding, so long as the defendant being prosecuted has an adequate opportunity to raise constitutional challenges in the underlying state forum." *Id.* at 1085.

> But there is no legitimate state interest
>
> in a prosecution brought in bad faith or to harass. Nor, for that matter, does a defendant have an adequate opportunity to assert constitutional violations in the state proceeding when the prosecution itself is the constitutional violation. Thus, in exceptional cases in which a state prosecutor is credibly accused of bad faith and has no reasonable hope of obtaining a valid conviction against the defendant, comity-infused deference gives way, and a federal court may exercise its equitable power to enjoin the prosecution.

*Id.*

Here, Hurt may feel that New Mexico state officials are prosecuting him in bad faith or to harass him. But he has not alleged factual content from which the Court

may reasonably infer that that could be the case. And, so, he has not carried his burden to show that his is an exceptional case that requires the Court to disregard *Younger* and intervene in an ongoing state criminal proceeding.

For this reason, Hurt has not unequivocally shown that he is entitled to a TRO or preliminary injunction.

## Recommendation

The Court should deny Plaintiff John Hurt's motion for leave to file a surreply [Dkt. No. 47]; grant Defendants Hunt County, Texas and Hunt County Sheriff Terry Jones's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss [Dkt. No. 25] because Hurt's claims are time-barred; and deny Hurt's motion for a temporary restraining order and preliminary injunction against Defendants Bernalillo County, Bernalillo County Clerk, and New Mexico Administrative Office of the Courts [Dkt. No. 50].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: December 4, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE