IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN HURT,                                §
                                         §
            Plaintiff,                    §
                                         §
V.                                        §        No. 3:25-cv-3154-D
                                         §
HUNT COUNTY, TEXAS, ET AL.,               §
                                         §
            Defendants.                   §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

The Court previously granted the motions to dismiss filed by Defendants Hunt

County, Texas and Hunt County Sheriff Terry Jones (the "Hunt County Defendants")

and denied Plaintiff John Hurt's motion for a temporary restraining order and

preliminary injunction against Defendants Bernalillo County, Bernalillo County

Clerk, and New Mexico Administrative Office of the Courts (the "New Mexico

Defendants"), both motions that Senior Judge Sidney A. Fitzwater referred to the

undersigned United States magistrate judge for recommendation. *See Hurt v. Hunt

Cnty., Tex.*, No. 3:25-cv-3154-D, 2025 WL 3560576 (N.D. Tex. Dec. 5, 2025), *rec.

adopted*, 2025 WL 3618251 (N.D. Tex. Dec. 12, 2025) [Dkt. Nos. 55 & 63].

After the undersigned entered recommendations as to the referred motions,

Judge Fitzwater referred this action to the undersigned for pretrial management

under 28 U.S.C. § 636(b). *See* Dkt. No. 60.

Judge Fitzwater also entered a final judgment as to the Hunt County

Defendants under Federal Rule of Civil Procedure 54(b), dismissing the claims

against them with prejudice. *See* Dkt. No. 64.

The Court then denied Hurt's Federal Rule of Civil Procedure 59(e) motion as to this judgment. *See* Dkt. Nos. 65 & 81. And he has noticed an appeal of the judgment to the United States Court of Appeals for the Fifth Circuit. *See* Dkt. No. 82.

So what's left before the district court are Hurt's claims against the New Mexico Defendants, who filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3), *see* Dkt. Nos. 26 & 29 – motions that appear to have been inadvertently terminated when this case was transferred from the Eastern District of Texas, *see* Dkt. Nos. 23 & 40-42; *see also* Dkt. Nos. 32 & 37 (Hurts's responses to the New Mexico Defendants' motions).

Defendant Bernalillo County, New Mexico moves for dismissal under Rules 12(b)(2) (for lack of personal jurisdiction) and 12(b)(3) (for improper venue). *See* Dkt. No. 26. And Defendants Bernalillo County Clerk of Court (more properly identified as the Clerk of Court for the Second Judicial District) and New Mexico Administrative Office of the Courts move for dismissal under Rules 12(b)(1) (based on sovereign immunity) and 12(b)(2) (for lack of personal jurisdiction). *See* Dkt. No. 29.

And the undersigned now recommends that the Court grant these motions and dismiss this lawsuit for the reasons and to the extent set out below.

### Discussion

The Clerk of Court for the Second Judicial District and New Mexico Administrative Office of the Courts first move for dismissal based on sovereign immunity under the Eleventh Amendment, which "precludes suits by private citizens

against states in federal court." *Tawakkol v. Vasquez*, 87 F.4th 715, 718 (5th Cir. 2023) (citation omitted).

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So consideration of "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted). And, "[a]bsent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citation omitted).

That is, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014)).

This jurisdiction-stripping immunity has been extended to claims under 42 U.S.C. § 1983 against the State of New Mexico Administrative Office of the Courts, *see Schrader v. Richardson*, 461 F. App'x 657, 660 (10th Cir. 2012), and Section 1983 claims against the Second Judicial District Court, *see Walker v. New Mexico*, Civ. No. 15-295 KK/SCY, 2015 WL 13651131, at *6 (D.N.M. Sept. 21, 2015) ("[T]he Court finds that Defendant the Second Judicial District Court is likewise not a suable 'person' under Section 1983, because it is 'an arm of the state for Eleventh Amendment purposes.'" (quoting *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995), *superseded by statute on other grounds as stated in Knox v. Bland*, 632 F.3d 1290,

1292 (10th Cir. 2011))).

These claims should therefore be dismissed without prejudice for lack of subject-matter jurisdiction.

And the remainder of this lawsuit should be dismissed without prejudice because the Court lacks jurisdiction over the New Mexico Defendants.

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

"As the Texas long-arm statute extends as far as constitutional due process allows, we only consider the second step of the inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Two types of personal jurisdiction may be exercised over a nonresident defendant: general and specific.

"General jurisdiction 'requires continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum.'" *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 288 (5th Cir. 2020) (quoting *In re Depuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018)). So "it is 'incredibly difficult to establish general jurisdiction in a forum other than'" where a defendant is at home. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (quoting *Frank v. P N*

- 4 -

*K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020)).

"Specific jurisdiction, on the other hand, demands a connection between the suit and the forum," *Zoch*, 810 F. App'x at 288 (citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F.*, 582 U.S. 255, 262 (2017)). Accordingly, it "focuses on the relationship among the defendant, the forum, and the litigation." *Seville*, 53 F.4th at 895 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

> In evaluating whether due process permits the exercise of specific jurisdiction, [courts in this circuit] consider
> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.
> If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); footnote omitted).

"For there to be minimum contacts, a defendant must have 'purposefully availed himself of the benefits and protections of the forum state' 'such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007), then *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980))).

"In other words, for specific personal jurisdiction to exist over [a nonresident defendant], there must be an affiliation between the forum and the underlying

- 5 -

controversy." *Conti 11. Container Schiffarts-GMBH & Co. KG M.S., MSC Flaminia v. MSC Mediterranean Shipping Co. S.A.*, 91 F.4th 789, 794 (5th Cir. 2024) (cleaned up; quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)).

This "constitutional touchstone" "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 474, 475 (cleaned up).

"That is, the plaintiff cannot supply 'the only link between the defendant and the forum.'" *Carmona*, 924 F.3d at 924 (quoting *Walden*, 571 U.S. at 285).

"Rather, jurisdiction is proper only where the 'defendant *himself*' made deliberate contact with the forum." *Id.* (quoting *Walden*, 571 U.S. at 284 (quoting *Burger King*, 471 U.S. at 475)).

And, here, where the Court is considering personal jurisdiction over nonresident defendants based on the allegations of the complaint, "without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction." *Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 457 (5th Cir. 2016) (citing *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002); *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 325 (5th Cir. 2001)).

"Nevertheless, the prima facie method does not require the court to credit conclusory allegations, unproven assumptions, generalizations or farfetched inferences." *Daniels Agrosciences, LLC v. Ball DPF, LLC*, No. CA 13-268 ML, 2013

- 6 -

WL 5310208, at *3 (D.R.I. Sept. 20, 2013) (citations omitted).

The New Mexico Defendants are not at home in Texas. So the Court lacks general personal jurisdiction over them.

And, as to personal jurisdiction based on Hurt's current allegations, Hurt has not shown a *prima facie* case of specific personal jurisdiction where there is not an affiliation between Hurt's claims against the New Mexico Defendants and Texas. Instead, Hurt himself provides the only link between these claims and Texas. And, so, no New Mexico Defendant has made deliberate contact with Texas to show that jurisdiction over any of them here would be consistent with due process.

As the State of New Mexico Administrative Office of the Courts and the Second Judicial District Court explain,

> [i]n the present case, plaintiff alleges that his harassment conviction was automatically vacated when Plaintiff filed a de novo appeal. He also alleges that he was found incompetent under New Mexico law; charges should have been dismissed under New Mexico law. Plaintiff continues to allege that New Mexico failed to clear its records and continued to circulate warrants showing stalking/harassment charges. Plaintiff further alleges that he has lost a Texas job offer … after a background check showed the invalid New Mexico conviction and warrants.

Dkt. No. 29 at 8 (cleaned up).

And that Hurt allegedly suffered some harm in Texas that he claims was based on events that occurred in New Mexico is not enough to provide a sufficient link to Texas where it is not plausibly alleged that the New Mexico Defendnats "purposely directed their activities toward Texas or purposely availed themselves of the privilege of conducting activities in Texas." *Stevens v. Hayes*, No. A-11-CA-550 LY, 2012 WL 2572790, at *14 (W.D. Tex. July 12, 2012) (noting that such a "specific jurisdiction

analysis" "is most similar to cases where plaintiffs bring suit in their home states against traffic law enforcement officers of other states" (collecting cases)), *aff'd*, 535 F. App'x 358 (5th Cir. 2013); *cf. Lamont v. Assaf*, No. 3:21-cv-1176-K-BN, 2022 WL 362573, at *8 (N.D. Tex. Jan. 18, 2022) ("Even had Plaintiffs alleged that [Defendant] Van Sciver knew that [Plaintiff] Poulter resides in Texas, they fail to present allegations showing that Van Sciver's actions were both expressly aimed at Texas and calculated to cause injury to Poulter in Texas. As such, Van Sciver's only alleged connection to Texas – that he allegedly defamed a Texan on the internet – is just random, fortuitous, and attenuated. Put another way, Plaintiffs have not alleged that Van Sciver deliberately acted to make contact with Texas." (cleaned up)), *rec. accepted*, 2022 WL 357174 (N.D. Tex. Feb. 7, 2022).

## Recommendation

The Court should grant the motions filed by Defendants Bernalillo County, Bernalillo County Clerk, and New Mexico Administrative Office of the Courts [Dkt. Nos. 26 & 29] and dismiss the claims against these defendants without prejudice. The Court should also terminate all pending motions and enter a final judgment.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

- 8 -

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE