IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN HURT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3154-D-BN |
| | § | |
| HUNT COUNTY, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 15, 2026, the undersigned United States magistrate judge entered findings of fact and conclusions of law recommending that the Court grant the motions filed by Defendants Bernalillo County, Bernalillo County Clerk, and New Mexico Administrative Office of the Courts [Dkt. Nos. 26 & 29] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2), dismiss the claims against these defendants without prejudice, terminate all pending motions, and enter a final judgment. *See* Dkt. No. 84.

The same day, Plaintiff John Hurt filed objections [Dkt. No. 85] and moved the Court to – instead of dismiss his claims – "transfer this action, or those claims and defendants for which transfer is proper, to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1406(a) and 1631" [Dkt. No. 86].

As Hurt recognizes, the undersigned found dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) applicable to some but not all claims – the claims under 42 U.S.C. § 1983 – against two of the three New Mexico Defendants – the

Bernalillo County Clerk (more properly known as the Clerk of Court for the Second Judicial District) and the New Mexico Administrative Office of the Courts.

But the undersigned also found dismissal for lack of personal jurisdiction under Rule 12(b)(2) applicable to all three New Mexico Defendants.

"Where a court finds it lacks personal jurisdiction, it may dismiss the action [under Rule] 12(b)(2)," or, "under 28 U.S.C. § 1406(a)," it may "transfer the action to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to" do so. *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (quoting *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)).

"Section 1406 'confers broad discretion in ruling on a motion to transfer.'" *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 897 (5th Cir. 2022) (quoting *Stanifer v. Brannan*, 564 F.3d 455, 456-57 (6th Cir. 2009)).

And, to the extent that Hurt also moves for relief under Section 1631, the analysis is no different, as it too employs an "interest of justice" standard. *See Bentz v. Recile*, 778 F.2d 1026, 1027-28 (5th Cir. 1985) ("Like section 1631, sections 1404(a) and 1406(a) employ an 'interest of justice' standard.").

And a court also "has wide discretion to consider whether transfer serves the interests of justice" under Section 1631. *Bluestone Partners, LLC v. Lifecycle Constr. Servs., LLC*, 642 F. Supp. 3d 560, 567 (E.D. Tex. 2022).

And, so, under its broad discretion, the undersigned recommends that the Court deny Hurt's motion to transfer because such a transfer would not be in the interest of justice.

First, based on his prior litigation against the New Mexico Defendants, *see, e.g.*, Dkt. No. 29 at 1-2, Hurt should have known that, if his current claims against them belong anywhere, they belong in a court in New Mexico, not a court in Texas, *cf. Seville*, 53 F.4th at 897 ("Appellant's attorney, by his own admission, knew there was no colorable basis for laying venue in the Eastern District of Louisiana. We have long made clear that it is 'obviously not in the interest of justice to allow [§ 1406] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district.'" (quoting *Dubin*, 380 F.2d at 816 n.5)).

And that Hurt has attempted to use this proceeding to interfere with and/or collaterally attack ongoing or concluded criminal proceedings in New Mexico is further evidence that the interest of justice would not be served by a transfer.

As the Court previously explained, when Hurt sought a temporary restraining order and preliminary injunction against the New Mexico Defendants because they "have, after ten years, resumed prosecutorial activity on a case that is legally void, dismissed, and jurisdictionally extinguished under New Mexico law, placing Plaintiff at immediate risk of renewed arrest, unlawful detention, and catastrophic harm," Dkt. No. 50,

> Hurt may feel that New Mexico state officials are prosecuting him in bad faith or to harass him. But he has not alleged factual content from which the Court may reasonably infer that that could be the case. And, so, he has not carried his burden to show that his is an exceptional case that requires the Court to disregard *Younger* and intervene in an ongoing state criminal proceeding.

*Hurt v. Hunt Cnty., Tex.*, No. 3:25-cv-3154-D, 2025 WL 3560576, at *6 (N.D. Tex. Dec. 5, 2025) (citing *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) ("Under

- 3 -

the rule set out by the United States Supreme Court in *Younger v. Harris*," 401 U.S. 37 (1971), "federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted.")), *rec. adopted*, 2025 WL 3618251 (N.D. Tex. Dec. 12, 2025); *see also* Dkt. No. 83 (Apr. 3, 2026 filing by Hurt requesting that the Court intervene in ongoing New Mexico criminal proceedings).

### Recommendation

The Court should deny Plaintiff John Hurt's motion to transfer this case or aspects of it to the District of New Mexico under 28 U.S.C. §§ 1406 and 1631 [Dkt. No. 86] and instead dismiss this case without prejudice for the reasons set out in the findings, conclusions, and recommendation entered on April 15, 2026 [Dkt. No. 84] as supplemented above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

- 5 -

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 16, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE